**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 162, an unincorporated association, Petitioner,**

v.

**JASON MANUFACTURING, INC., Respondent.**

**Civ. No. S–84–903 EJG.**

United States District Court, E.D. California.

Nov. 25, 1987.

Kathryn A. Sure, Wylie, Blunt, McBride & Jesinger, San Jose, Cal., for petitioner.

Dennis R. Murphy, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for respondent.

## ORDER

EDWARD J. GARCIA, District Judge.

This matter is before the court for determination of damages resulting from a breach of a Collective Bargaining Agreement (CBA). This court has previously granted petitioner partial summary judgment determining liability. At issue was the enforceability of an arbitration award by the National Joint Adjustment Board (NJAB). The Board, pursuant to Article X, § 8 of the CBA (i.e. the so-called interest arbitration provision), awarded a two-year contract commencing July 1, 1983. This court rejected respondent's legal challenges to the validity of that award and set for trial the issues relating to damages.[1] The parties have since entered into a stipulated statement of facts and have submitted all issues as to damages for decision based on that stipulation. The court has considered the trial briefs filed by the parties and the stipulated statement of facts set forth in the joint pretrial statement and the final pretrial order, and enters the following findings and conclusions.

The briefs address eight general items of damage claimed by petitioner. At issue are the amounts, if any, of compensable: (1) lost wages, (2) lost dues and assessments, (3) lost fringe benefits, (4) liquidated damages, (5) pre and post-judgment interest, (6) exemplary damages, (7) costs and attorney fees, and (8) whether injunctive relief is appropriate.

### Lost Wages

The stipulation filed by the parties on February 3, 1986 fixes the amount of lost wages at $11,392.32. The court is satisfied that the documentation support that amount and that the parties' stipulation should be enforced. Accordingly, the court finds that the amount of damages due to lost wages is $11,392.32.

### Lost Dues and Assessments

■ The parties have stipulated that the amount of lost dues and assessments (i.e. the so-called initiation fees) is $9,297.95. However, respondent contends that the contract does not contain a deduction clause and further that the employees have not signed so-called dues check-off authorizations. Thus, respondent asserts, there is no basis for requiring the employer to pay lost dues to the union. The only authority cited by respondent for this contention is the inapposite case of *NLRB v. Cheese Barn, Inc.*, 558 F.2d 526 (9th Cir.1977) which had nothing to do with the question of whether lost dues and fees are a compensable item of damages in a § 301 breach of contract action. However, several courts have considered the question and have held lost dues, assessments and initiation fees to be a compensable item of damages where such losses proximately flow from the breach of the contract. *See International Brotherhood of Electrical Workers, Local No. 12, AFL–CIO, et al. v. A–1 Electric Service, Inc.*, 535 F.2d 1, 3 (10th Cir.1976), *cert. denied*, 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976), and the several cases cited therein. The court finds that based on the stipulated facts (facts which show a deliberate breach of the contract by respondent, and actual lost dues and assessments by petitioner due to that breach) the lost initiation fees in the amount of $9,297.45 are a direct or reasonably foreseeable item of damage that proximately flows from the breach. Accordingly, petitioner must be awarded $9,297.45 in lost initiation fees.

### Fringe Benefits

The parties have stipulated that petitioner has incurred lost benefits to the several trust funds in the amount of $36,097.85. Accordingly, the court awards petitioner that amount as an item of damages.

1. *See* order granting partial summary judgment filed August 9, 1985, and order denying application for extension of time and for reconsideration filed June 9, 1986.

## Liquidated Damages

The Collective Bargaining Agreement that was awarded by NJAB includes a provision for liquidated damages. Specifically, it provides that where the employer fails to make payments to the trust funds, it shall be assessed 10% of the delinquent payments or not less than $20 per fund per month.

Respondent does not dispute the amount of assessment claimed by petitioner, but contends that since it never agreed to, and never signed the CBA awarded by the NJAB, respondent should not be held liable on the liquidated damages claim contained therein. Respondent ignores the fact that it did agree to and did sign the original CBA which provided for the interest arbitration before the NJAB and which ultimately resulted in the new contract being imposed. Moreover, respondent's argument simply seeks to resurrect the interest arbitration enforceability question already resolved by this court. For the reasons previously stated by the court, the contract and its provisions awarded by NJAB are enforceable.

The court further notes that cost provisions for expenses incurred in collection of trust contributions which take the form of a liquidated damages clause are enforceable. *Waggoner v. Northwest Excavating, Inc.*, 642 F.2d 333 (9th Cir.1981) *vacated and remanded*, 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640, *aff'd* 685 F.2d 1224 (9th Cir.1982), *cert. denied*, 459 U.S. 1109, 103 S.Ct. 737, 74 L.Ed.2d 959 (1983). Accordingly petitioner is awarded an assessment of $3,609.79 which represents 10% of the total sums of trust fund contributions owed by respondent.

## Interest

Respondent does not oppose an award of post-judgment interest and accordingly, petitioner is awarded such interest pursuant to 28 U.S.C. § 1961(a), which provides for an award of post-judgment interest at the current treasury bill rate of 6.9%. *See Campbell v. United States*, 809 F.2d 563 (9th Cir.1987).

Respondent does oppose an award of pre-judgment interest which is sought by petitioner. Respondent concedes that the question is addressed to the discretion of the court to be exercised by balancing the relative equities involved. *Wessel v. Buhler*, 437 F.2d 279 (9th Cir.1971). Respondent argues that it occasioned no delay in this action and that it had good faith doubts as to the union's majority status and as to the enforceability of interest arbitration at the time of the breach. Nevertheless, the undisputed facts set forth in the joint final pretrial statement and final pretrial order concede a deliberate breach of contract by respondent. Respondent having decided to repudiate the contract and take its chances on the doubts it now refers to regarding the enforceability of the interest arbitration clause, it should not now be heard to complain about having to pay pre-judgment interest. In short, it simply would be inequitable to permit respondent to have had the use of the employees money without paying for that use. *See e.g. IBEW Local 494 v. Artkraft, Inc.*, 375 F.Supp. 129, 132 (E.D.Wisc.1974). Moreover, pre-judgment interest is traditionally granted in contract actions where the damages are capable of being made certain by calculation. *See e.g. Leff v. Gunter*, 33 Cal.3d 508, 189 Cal.Rptr. 377, 658 P.2d 740 (1983). The parties stipulation fixing the money amounts for the several items of damages claimed by petitioner demonstrates that this is such a contract action. Accordingly, an award of pre-judgment interest is appropriate in this case. There being no federal statute fixing the rate for pre-judgment interest, it is appropriate to turn to state law. California Civil Code § 3289 provides a rate of 10% for such interest. Therefore, petitioner is awarded pre-judgment interest in the amount of 10%.

## Exemplary Damages

Petitioner seeks punitive damages essentially under a duty of good faith theory. Petitioner contends that respondent's willful repudiation of the contract and its refusal to abide by the NJAB process amount to a breach of its duty to act in

good faith. Accordingly, petitioner contends that punitive damages are appropriate as a deterrent measure. *See e.g. Seaman's Direct Buying Service v. Standard Oil,* 36 Cal.3d 752, 206 Cal.Rptr. 354, 686 P.2d 1158 (1984).

The court is concerned over respondent's willful breach of the contract and refusal to abide by the NJAB arbitration procedures. Such conduct undoubtedly flouts the national labor policy of favoring arbitration over direct economic warfare, *Steelworkers v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), and it clearly establishes liability for compensatory damages caused by the breach. Moreover, it appears that a bad faith challenge to an arbitration award can, in some instances, give rise to liability for punitive damages. *See International Brotherhood of Teamsters v. Wash. Employers, Inc.,* 557 F.2d 1345, at 1349 f/n 5 (9th Cir.1977) and the authorities cited therein. However, the court finds insufficient indication of bad faith by respondent in this case to warrant punitive damages. Accordingly, petitioner's request for exemplary damages is denied.

### Costs and Fees

■ Petitioner seeks an award of fees and costs based on (1) alleged bad faith by respondent in repudiating the contract, (2) the contract provision for fees and costs incurred in collecting delinquent trust fund contributions, and (3) as an item of compensatory damages in an action to enforce the arbitration award. As noted above, the court finds insufficient evidence in the record of this case to warrant a finding of bad faith. However, the court finds that attorney fees and costs are recoverable under the contract. Clearly the fees and costs expended by petitioner in this action were necessary to recover the trust fund contributions that were wrongfully withheld when respondent willfully breached the contract. Pursuant to the contract, petitioner is awarded attorney fees and costs. Petitioner shall submit within 20 days appropriate declarations which set forth relevant time sheet information and properly and shall address the *Kerr* factors

(*See Kerr v. Screen Extras Guild,* 526 F.2d 67 (9th Cir.1975) and Local Rule 293(b) and (c)) so that this court may determine the amount of a reasonable fee. The amount of costs shall be addressed pursuant to Local Rule 292.

### Injunctive Relief

Petitioner seeks an order requiring respondent to fully comply with the terms and conditions of the CAB, and in particular the union security and referral clauses for a one year period commencing with the date of entry of a final judgment herein. Respondent does not oppose the request, and it is accordingly granted.

### Conclusion

For the reasons stated above, the court hereby awards petitioner damages as follows:

1. Lost wages in the amount of $11,-392.32;

2. Lost dues and assessments in the amount of $9,297.45;

3. Lost benefits in the amount of $36,-097.85;

4. Liquidated damages in the amount of $3,609.79 which represents 10% of the delinquent trust fund payments;

5. Pre-judgment interest in the amount of 10%;

6. Post-judgment interest in the amount of 6.9%;

7. Attorney's fees in an amount to be determined upon submission of petitioner's declarations regarding the amounts sought and respondent's response, if any;

8. Costs in an amount to be determined pursuant to Local Rule 292;

9. No award is made for punitive damages;

10. Petitioner is awarded prospective injunctive relief in the nature noted above for a period of one year from the entry of judgment; and

11. Judgment shall be entered in conformity with this order.

IT IS SO ORDERED.