**USF REDDAWAY, INC., Plaintiff,**

v.

**TEAMSTERS UNION, LOCAL 162 AFL–CIO, Defendant/Counter-claimant,**

**and**

**Teamsters Union Locals 174, 206, 324 and 926, Counterclaimants.**

**No. CIV.00–317–BR.**

United States District Court, D. Oregon.

April 11, 2001.

Carter M. Mann, Foster Pepper & Shefelman, Portland, OR, Patrick W. Jordan, Neil O. Andrus, Jeffer Mangels Butler & Marmaro, San Francisco, CA, for Plaintiff.

Paul C. Hays, Carney Buckley & Hays, Portland, OR, for Defendant/Counterclaimant and Counterclaimants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on the Motion for Entry of Judgment (# 50) filed by Teamsters Union Locals 162, 174, 206, 324, and 926 (Union).[1] For the reasons that follow, the Motion is **GRANTED**.

### PROCEDURAL BACKGROUND

Plaintiff USF Reddaway employs members of the Union at its Oregon facility. This case arose from a dispute over a term in a Letter of Understanding that is part of the collective bargaining agreement (CBA) between Reddaway and the Union. The Letter of Understanding provides Union employees are entitled to wage increases if Reddaway's operating ratios are sufficiently low (i.e., if Reddaway has attained certain levels of profitability). Reddaway determined its employees were not entitled to a wage increase in 1998 based on the 1997 operating ratio. The Union disagreed.

The dispute between the Union and Reddaway went to arbitration in 1999.[2] The arbitrator ruled in favor of the Union and determined Reddaway violated the terms of the CBA by not paying the wage increase. The arbitrator ordered Reddaway to "pay to all employees covered by the Labor Agreement, a permanent wage increase in accordance with an operating ratio of 92.9 percent for 1997, under the Letter of Understanding—Wage Supplement, effective March 29, 1998 and each year thereafter during the term of the contract."

Reddaway then initiated this case by filing a Petition to Vacate Arbitration Decision and Award. Reddaway asked the Court to vacate and to set aside the arbitration decision, to enter judgment in Reddaway's favor and against the Union, and to award Reddaway its costs and attorney fees. The Union filed an Answer to the Petition in which it opposed setting aside the arbitration decision. In the same pleading, the Union filed an Amended Counterclaim in which it sought an order to enforce the arbitrator's Decision and Award. The Union asked the Court to order Reddaway to "pay wage increases to all employees covered by the collective bargaining agreement, based on a 1997 operating ratio of 92.9 percent, as of March 29, 1998," plus 9% interest beginning on March 29, 1998, and costs and attorney fees. Reddaway later filed a Motion to Vacate the Arbitration Decision and Award.

By Opinion and Order dated December 12, 2000, supplemented by a January 2, 2001, Minute Order, this Court denied Reddaway's Motion to Vacate and granted summary judgment to the Union on its Counterclaim to enforce the arbitration decision. The Court directed the Union to submit a Motion for Entry of Judgment along with a proposed form of Judgment. The Union's Motion for Entry of Judgment is now before the Court.

---

1. Although the Defendant and initial sole Counterclaimant in this action was the Teamsters Union Local 162, the Court later permitted Teamsters Union Locals 174, 206, 324, and 962 to join as Counterclaimants. This Opinion and Order refers to the five Union Locals collectively as the Union because the Judgment entered in this action will apply to all the Locals.

2. The Court recognizes that Local 162 appears to have been the only union body actively involved in the arbitration.

## ANALYSIS

### I. The Union's Motion

The Union has moved for entry of a judgment that includes an award of prejudgment interest:

Specifically, Defendant/Counter-claimants propose a Judgment ordering Petitioner [Reddaway] to pay to all employees covered by the Labor Agreement, a permanent wage increase in accordance with an operating ratio of 92.9 percent for 1997, under the Letter of Understanding—Wage Supplement, effective March 29, 1998 and each year thereafter during the term of the Labor Agreement, *including interest at the rate of 9 per cent on all unpaid wages, beginning March 29, 1998 and continuing until such wages are paid.*

(Emphasis added). Reddaway objects to the inclusion of an award of prejudgment interest on the unpaid wages "[b]ecause it challenged the underlying [arbitration] Decision and Award ... on the basis of good-faith objections, has complied promptly with the court's enforcement of the Award, and had no notice in proceedings before the Arbitrator that prejudgment interest would be sought by the Union ...." In the alternative, Reddaway asks the Court to reduce the amount of interest rewarded "to reflect the Company's good faith motives in challenging the wage increases and its lack of notice until these proceedings that prejudgment interest would be sought."

### II. Discussion

This Court entered judgment in favor of the Union pursuant to Section 301 of the Labor Management Relations Act (LMRA), which provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor or-

ganizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The LMRA does not state whether a labor organization that prevails in a Section 301 action may recover prejudgment interest. The Court agrees with the parties' understanding that it has discretion whether to award such interest in the absence of a specific statutory provision. *See Colon Velez v. Puerto Rico Marine Mgmt., Inc.,* 957 F.2d 933, 941 (1st Cir.1992). *See also International Ass'n of Bridge, Structural & Ornamental Iron Workers, Local Union No. 103, AFL–CIO v. Higdon Constr. Co.,* 739 F.2d 280, 283 (7th Cir.1984).

The Ninth Circuit has not discussed the factors a court should weigh in deciding whether to award prejudgment interest in Section 301 actions. In a securities fraud case, however, the appellate court ruled "[w]hether [prejudgment] interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Wessel v. Buhler,* 437 F.2d 279, 284 (9th Cir.1971). That principle applies equally to LMRA litigation. *See Sheet Metal Workers Int'l Ass'n Local Union No. 162 v. B.J. Heating & Air Conditioning,* 695 F.Supp. 485, 491 (E.D.Cal.1987) (in a Section 301 case, "[t]he matter of prejudgment interest is addressed to this court's discretion which must be exercised by balancing the relative equities involved"). In this case, the equities lie with the Union.

The arbitrator ruled the Union members were entitled to a wage increase in March 1998 based on Reddaway's productivity level in 1997. The Union members were

deprived of that wage increase for nearly three years, first because of Reddaway's breach of the CBA and later because of Reddaway's decision to seek judicial review of the arbitrator's decision. An award of prejudgment interest is appropriate because it will compensate the Union members by providing them with the "time value" of the wages they should have received starting in 1998. *See Verland Found., Inc. v. United Steelworkers of Am.*, 1993 WL 388675 *7 (W.D.Pa.1993).

An award of prejudgment interest is not unfair to Reddaway. The Arbitration Decision and Award Reddaway sought to vacate included a provision that it was "final and binding on both parties." Reddaway petitioned for judicial review of that award despite the extraordinary degree of deference courts must give arbitrators' decisions under the LMRA. *See Garvey v. Roberts*, 203 F.3d 580, 588–89 (9th Cir. 2000). Reddaway should have known its chances of prevailing in this Court were slim. It is not this Court's responsibility to relieve Reddaway of the consequences of the cause of action it willingly assumed.

An award of prejudgment interest is not punitive. Reddaway has held the unpaid wages since 1998 and, presumably, has benefitted economically. It is not unfair to require Reddaway to compensate the Union for use of the money Reddaway wrongfully withheld from Union members. *See B.J. Heating*, 695 F.Supp. at 491.

■ Reddaway argues this Court should not award prejudgment interest because Reddaway acted in good faith in bringing this action. The Court disagrees. Although the Court does not find Reddaway acted in bad faith by seeking judicial review, Reddaway's purported good-faith motives do not persuade the Court that an award of prejudgment interest is inequitable. Awards of prejudgment interest are typical in breach-of-contract actions when "the exact amount owed is ascertained or

ascertainable by simple computation or by reference to generally accepted standards ...." *Trienco, Inc. v. Applied Theory, Inc.*, 102 Or.App. 362, 367–68, 794 P.2d 1239 (1990). *See also Sheet Metal Workers Int'l Ass'n, Local Union 162 v. Jason Mfg., Inc.*, 694 F.Supp. 1476, ◄1478 (E.D.Cal.1987) ("prejudgment interest is traditionally granted in contract actions where the damages are capable of being made certain by calculation"), *aff'd*, 900 F.2d 1392 (9th Cir.1990). The parties should readily be able to calculate both the wages Reddaway owes its employees as a result of its breach of the CBA and the interest that has accumulated since that breach. An award of prejudgment interest is, therefore, appropriate.

Reddaway also contends the Court should deny prejudgment interest because Reddaway lacked notice that the Union might seek such interest until the counterclaims were filed in this action. This argument, too, is unpersuasive. It is well-established that courts have discretion to award prejudgment interest in actions brought under Section 301 of the LMRA. Reddaway should have known the Union might seek such an award in this litigation.

In the alternative, Reddaway argues this Court should award prejudgment interest starting on January 14, 2000, the date of the arbitration award, rather than on March 29, 1998, the date the wage increase was due. The Court disagrees. Reddaway has had the use of the Union members' money since March 29, 1998, and should compensate the Union members for the entire time it wrongfully withheld their wages.

■ Finally, Reddaway asks this Court to calculate any prejudgment interest "on the basis of passbook rather than market interest rates." The Union, however, does not seek prejudgment interest at market rates. Instead, the Union notes correctly

that it is appropriate for the Court to look to state law because federal law does not specify a rate for prejudgment interest. *See Colon Velez*, 957 F.2d at 941 (applying Puerto Rico interest rate). *See also Jason Mfg.*, 694 F.Supp. at 1478 (applying California rate of prejudgment interest). Oregon law provides for prejudgment interest at the rate of nine percent per annum. Or.Rev.Stat. § 82.010(1)(a). The Union is entitled to an award of prejudgment interest at that rate beginning on March 29, 1998.

### CONCLUSION

The Court **GRANTS** the Union's Motion for Entry of Judgment (# 50). A signed Judgment will issue concurrently with this Opinion and Order.

IT IS SO ORDERED.