### RESERVATIONS IN SLEEPING CARS.

[Circuit Court of Richland County.]

PULLMAN COMPANY v. B. W. WILLETT.*

Decided, January, 1905.

*Agency—May be Established by Evidence of Custom—In a Suit on a Specialty—Railway Age ; of Sleeping Car Company—Damages for Failure to Give Possession of a Reserved Apartment—Breach of Contract—Verdict—Waiver.*

1. In a suit upon a specialty, evidence of uniform custom of transacting business with the public with reference to the matter in dispute is admissible when introduced for the purpose of showing an agent's authority to make the contract in question on behalf of his principal.

2. An agency is sufficiently proved if it be shown that the principal has led the public to believe that it exists by a continued course of business transactions; and authority of a railroad ticket agent to reserve berths of a sleeping car company for passengers on a train may be proved by showing prior ratification of reservations made under similar circumstances by such agent.

3. Compensatory damages may be recovered for physical inconvenience, discomfort and pain resulting from a breach of contract to reserve a drawing room in a sleeping car for a man and his wife, who in consequence are compelled to sit up the greater part of the night and to change cars twice, and a verdict of $125 recovered therefor is not excessive.

4. The fact that the plaintiff in such a case demanded his ticket from the conductor upon learning that he could not be given the ac-

---

*Affirmed by the Supreme Court without report; see *Pullman* v. *Willett*, 72 Ohio State, 690.

commodations for which he had contracted, which demand was re-
fused, does not constitute such a  waiver of his rights as will re-
lieve the company from liability.

5. Where a witness, in testifying as to a conversation had by telephone,
makes a positive statement as to who it was with whom he con-
versed, and he is not cross-examined as to the identity of the
person at the other end of the wire, the conversation is admissi-
ble notwithstanding the uncertainty which may exist as to the
identity of the other party speaking.

DONAHUE, J.; VOORHEES, J., and McCARTY, J., concur.

Heard on error to Court of Common Pleas of Richland
County.

This proceeding in error is brought to reverse the judgment of
the common pleas court in an action in that court, wherein
B. W. Willett sued the Pullman Company for damages for
breach of contract.

The petition avers that the defendant company entered into
a contract with the plaintiff, by the terms of which he was to
be furnished a drawing room on one of the defendant's cars,
for the use of himself and wife, from Shelby, Ohio, to New
York, which car was attached to a train on the Clev.,
C., C. & St. L. Railway Company's lines; that in pursuance of
said agreement he then purchased transportation over said
company's lines to New York; that said defendant company
failed and neglected to keep its contract in that behalf to fur-
nish him with said drawing room, and that he and his bride,
he having been married on that day, were compelled to
occupy the porter's apartment from Shelby to Cleveland, and
at Cleveland, at 1:45 A. M., they were compelled to change to
another car in which they obtained a berth to Buffalo, and at
5 A. M. they were compelled to change again to a chair car, in
which latter car they remained until they reached New York.
He avers that by reason of such failure on the part of said
company he suffered physical pain, inconvenience, humiliation,
mental anguish and suffering, to his damage in the sum of
$1,999, for which he prays judgment.

The effect of defendant's answer is to deny that any such
contract was made as relied upon in plaintiff's petition, and

upon the issue joined the cause was tried to a jury, resulting in a verdict for plaintiff for $125 and judgment thereon.

The record discloses that a conversation over the telephone was given in evidence by the plaintiff, over the objection of the defendant, and this is assigned as error. It is perhaps true that there ought to have been a little more certainty as to the identification of the speaker in this telephone communication, but Mr. Willett says, ''I received a telephone message that he had word from the main office that they had this reservation for me for that train.'' It does clearly appear from the evidence admitted just prior to this answer, that he referred to Mr. Close, who was acting in some capacity in the railway office at Shelby. True, he does not say how he knew it was Mr. Close that was talking, although he used the pronoun ''he.'' If counsel desired to show that he could not be certain as to the identity of the individual talking, then it was the duty of counsel to cross-examine him upon this point, and show by this cross-examination that he did not know and could not know with any degree of certainty as to the identity of the person speaking. But as it now stands the record discloses that he swore positively that it was Mr. Close, and therefore the conversation was admissible.

But this telephone communication has very little if anything to do with the issue in this case. It is merely cumulative evidence at most, and as there is no conflict of evidence in this record we should not hold it prejudicial error, even though it were erroneously admitted.

There was also a telegram admitted in evidence, over the objection of counsel for defendant, signed by the initials of Warren J. Lynch, general passenger agent of the Big Four.

It is contended, first, that this was not the original telegram, that the original was in the telegraph office at Cincinnati, and that this paper offered in evidence was a mere copy. This telegram was not sent directly to Mr. Willett, but was handed him by Mr. Close, either as representing Mr. Lynch or the Pullman Company, or the railway company, whichever it may determine to be, but to all intents and purposes, so far as Mr.

Willett is concerned, it is the original telegram that was handed him and the one upon which he had a right to rely, for this telegram may bind the Pullman Company no matter whether it was a true copy of the one on file in Cincinnati or not. So that we think the telegram was properly admitted in evidence so far as this objection is concerned.

But, it is urged, that there is no evidence showing any authority on the part of Lynch, Close or any other railroad official to bind the Pullman Company. It is in evidence, however, that this was the usual and customary manner of procuring apartments on the Pullman Company's cars at Shelby, Ohio, and that these railway agents were in the habit in the usual course of business of making such contract for and on behalf of the Pullman Company, and that Mr. Willett had theretofore transacted the same character of business with these agents, and the Pullman Company had always ratified their authority and fulfilled the contract made by them. So that if this evidence is competent, then it would appear that there is some evidence touching the authority of these railway officials to contract for the Pullman company.

It is insisted by the plaintiff in error that the admission of this evidence of custom was prejudicial error, and if that be true, then, of course, all conversations with Mr. Close, either over the telephone or otherwise, and the admissions of the telegrams, would be error, because of the failure of the plaintiff below to show authority on the part of these individuals to speak and act for the Pullman Company.

It is contended that plaintiff sues upon a specialty and that therefore he can not recover under a custom, but must prove the contract averred in the petition. It does not appear that this custom has been shown for the purpose of showing the terms of the contract, but on the contrary only for the purpose of showing the authority of these agents to make the contract on the part of the Pullman Company. If the Pullman Company had been transacting business through the railway officials at Shelby, Ohio, or through Mr. Lynch, the general passenger agent of the railway company, then, whether there was any such con-

tract of agency between these parties or not, would not be important, for if a person holds out another to the public as his agent he is bound by the acts of that individual, whether he in fact be such agent or not, and the public dealing with such agents are not required to first determine the nature and extent of their authority. It is sufficient if the alleged principal has by his conduct induced the public to deal with such person as his agent, and this inducement may be by overt act or words, or by long continued course of business transaction in ratifying, indorsing and fulfilling contracts of such persons made by them on behalf of such principal.

We therefore think this evidence was properly admitted and did show the authority of these railway officials to enter into this contract for and on behalf of the Pullman Company, and therefore the conversations with these persons and telegram were properly admitted in evidence.

It is further contended that the court erred in its charge in not clearly and fully stating the issue to the jury. This assignment of error we do not think is well taken. It does not appear from the charge that the jury was fairly and fully instructed as to the issue joined.

It is further contended that the court erred in its charge touching the rule of damages, in stating that plaintiff could recover for the mental anguish suffered or endured by reason of such breach of contract. We think this is the correct rule in this case. The plaintiff does show, by his evidence, that he suffered physical inconvenience and discomfort and the consequent physical pain attendant thereon is sufficient to support his claim for compensatory damages, which includes damages for mental suffering and humiliation, although it is true that without such basis of recovery, mental anguish alone would not be sufficient to support the action.

It is further contended that the damages awarded were excessive. We think not. The peculiar circumstances of this case were properly matter for the consideration of the jury. The damages for the deprivation of the comforts, conveniences and privacy for which he had contracted and agreed to pay

are not to be measured by the amount to be paid therefor.  He could have had cheaper accommodations had he so desired, but that he wanted these accommodations under the circumstances of this case was but natural and commendable, and we do not think that the record fails to show any damages, but, on the contrary it fully sustains the verdict and would, in our opinion, sustain even a larger verdict had the jury thought proper to fix a larger amount.

Some complaint is made that he demanded his tickets from the railroad conductor, instead of the Pullman conductor.  This was certainly the proper person upon whom to make demand for the return of his railway tickets, because that conductor was the one who had those tickets and was representing the railroad company, and the Pullman Company had nothing to do with that contract, so that if the railroad company would not return the tickets there was nothing left for him to do but to accept the accommodations offered by the Pullman Company, in place of the accommodations that it had contracted to furnish him.  This company might have reduced these damages very much by procuring the railway company to return to him his railroad tickets at Cleveland, so that he might stop over there until a later train, but this was not done; on the contrary, the railroad company refused so to do.

Finding no error in this record to the prejudice of plaintiff in error, the judgment of the common pleas court is affirmed, with costs, but without penalty, and the case remanded for execution.  Exceptions of plaintiff in error noted.

*Cummings, McBride & Wolfe,* for plaintiff in error.

*Kerr & La Dow,* for defendant in error.