Curtis MILSTEAD, Plaintiff-Appellant,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 957 et al., Defendants-Appellees.

No. 80–3005.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1981.

Decided May 13, 1981.

David L. Hall, Slicer, Hall & Slicer, Dayton, Ohio, for plaintiff-appellant.

Sorrell Logothetis, Parks & Logothetis, Dayton, Ohio, for defendants-appellees.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Curtis Milstead sued his former employer and local union under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, asserting that he had been discharged wrongfully by his employer and that the Union had breached its duty of fair representation by failing to pursue his grievance vigorously. The jury returned a verdict in favor of Milstead for $10,000 against the company and $20,000 against the Union. After the previous appeal to this court, the company settled Milstead's claim against it for $12,000 and is not a party to the present appeal.

On the previous appeal, this court affirmed on the question of the liability of the Union but reversed and remanded for a new trial on the amount of damages. *Milstead v. International Brotherhood of Teamsters*, 580 F.2d 232 (6th Cir. 1980). In remanding the case we said:

> [T]here is nothing in the record to support the $20,000 award assessed against the Union .... It is ... possible that the award rendered here included some damages for lost wages. If so, the award clearly is contrary to law since judgment against the Union under the facts of this case can be had only for those damages that flowed from its own conduct. *Vaca v. Sipes, supra*, 386 U.S. [171] at 196–198 [87 S.Ct. 903, at 919–21, 17 L.Ed.2d 842]. 580 F.2d at 236.

On remand, Milstead sought to introduce evidence of lost wages and lost fringe benefits. The district court refused to permit the introduction of such evidence and instructed the jury not to consider lost wages and fringe benefits in determining the amount of damages to be awarded against the Union. Milstead was allowed to introduce evidence of attorneys' fees, court costs, travel expenses and other costs incidental to his attempts to recover against the Union. The jury returned a verdict of $5,625 against the Union. Milstead appeals. We affirm.

Milstead contends that his damages were caused by the failure of the Union properly to process his grievance, and not by his wrongful discharge by his employer. He argues that the Union was responsible for all his damages, including lost wages, stemming from his discharge. This contention is flatly contrary to the law of this case, as expressed in the above quoted language of the opinion on the former appeal, and is not in accord with the law of this Circuit.

In *St. Clair v. Int. Brotherhood of Teamsters*, 422 F.2d 128 (6th Cir. 1969), this court discussed the problem of apportioning damages between an employer wrongfully discharging an employee and a union failing to represent him fairly:

> As the jury found, the union did not procure plaintiff's discharge. It was the decision of the employer (although the District Court seems not to have decided whether the company's act was wrongful). As the Supreme Court said,
>
> > [D]amages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer.
>
> *Vaca v. Sipes*, 386 U.S. 171, 197–198, 87 S.Ct. 903, 920, 17 L.Ed.2d 842 (1967). The calculation of who caused which damages may present serious practical problems, but the Supreme Court has strongly implied that in cases like this, involving a discharge and an alleged failure by the union to take all available steps to remedy the employee's complaint, the increment of damages caused by the union's breach of duty is virtually *de minimis*. "[A]ll or almost all of Owens' [the employee's] damages would still be attributable to his allegedly wrongful discharge by Swift [the company]." *Vaca v. Sipes*, 386 U.S. at 198, 87 S.Ct. at 921. *Id.* at 132.

Milstead argues that the law on this subject was changed by the decision of the Supreme Court in *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979), holding that punitive damages for unfair representation could not be recovered in an

action against a Union under the Railway Labor Act. The Supreme Court expressly limited its holding to the issue of punitive damages, as demonstrated by the following footnote:

Our grant of certiorari was limited to the punitive damages question. See 439 U.S. 892 [99 S.Ct. 248, 58 L.Ed.2d 237] (1978). Consequently, for purposes of our analysis, we must take as correct the findings below that IBEW breached its duty of fair representation and that the $40,000 compensatory damages award was proper.

442 U.S. at 45, n.4, 99 S.Ct. at 2124 n.4.

The judgment of the district court is affirmed.