DEITSCH ET AL. *v.* THE MUSIC COMPANY.

(No. 81CV12895—Decided January 10, 1983.)

Hamilton County Municipal Court.

*Mr. William D. Haders,* for plaintiffs.
*Mr. Eugene G. Siller,* for defendant.

PAINTER, J. This is an action for breach of contract. Plaintiffs and defen-

dant entered into a contract on March 27, 1980, whereby defendant was to provide a four-piece band at plaintiffs' wedding reception on November 8, 1980. The reception was to be from 8:00 p.m. to midnight. The contract stated "wage agreed upon - $295.00," with a deposit of $65, which plaintiffs paid upon the signing of the contract.

Plaintiffs proceeded with their wedding, and arrived at the reception hall on the night of November 8, 1980, having employed a caterer, a photographer and a soloist to sing with the band. However, the four-piece band failed to arrive at the wedding reception. Plaintiffs made several attempts to contact defendant but were not successful. After much wailing and gnashing of teeth, plaintiffs were able to send a friend to obtain some stereo equipment to provide music, which equipment was set up at about 9:00 p.m.

This matter came on to be tried on September 28, 1982. Testimony at trial indicated there were several contacts between the parties from time to time between March and November 1980. The testimony of plaintiff Carla Deitsch indicated that she had taken music to the defendant several weeks prior to the reception and had received a telephone call from defendant on the night before the wedding confirming the engagement. Defendant's president testified that he believed the contract had been cancelled, since the word "cancelled" was written on his copy of the contract. There was no testimony as to when that might have been done, and no one from defendant-company was able to explain the error. There was also testimony that defendant's president apologized profusely to the mother of one of the plaintiffs, stating that his "marital problems" were having an effect on his business, and it was all a grievous error.

The court finds that defendant did in fact breach the contract and therefore that plaintiffs are entitled to damages. The difficult issue in this case is determining the correct measure and amount of damages.

Counsel for both parties have submitted memoranda on the issue of damages. However, no cases on point are cited. Plaintiffs contend that the *entire* cost of the reception, in the amount of $2,643.59, is the correct measure of damages. This would require a factual finding that the reception was a total loss, and conferred no benefit at all on the plaintiffs. Defendant, on the other hand, contends that the only measure of damages which is proper is the amount which plaintiffs actually lost, that is, the $65 deposit. It is the court's opinion that neither measure of damages is proper; awarding to plaintiffs the entire sum of the reception would grossly overcompensate them for their actual loss, while the simple return of the deposit would not adequately compensate plaintiffs for defendant's breach of contract.

Therefore, we have to look to other situations to determine whether there is a middle ground, or another measure of damages which would allow the court to award more than the deposit, but certainly less than the total cost of the reception.

It is hornbook law that in any contract action, the damages awarded must be the natural and probable consequence of the breach of contract or those damages which were within the contemplation of the parties at the time of making the contract. *Hadley* v. *Baxendale* (1854), 9 Exch. 341, 156 Eng. Rep. 145.

Certainly, it must be in the contemplation of the parties that the damages caused by a breach by defendant would be greater than the return of the deposit — that would be no damages at all.

The case that we believe is on point is *Pullman Company* v. *Willett* (Richland App. 1905), 7 Ohio C.C. (N.S.) 173, affirmed (1905), 72 Ohio St. 690. In that case, a husband and wife contracted with the Pullman Company for sleeping accommodations on the train. When they arrived, fresh from their wedding, there

were no accommodations, as a result of which they were compelled to sit up most of the night and change cars several times. The court held that since the general measure of damages is the loss sustained, damages for the deprivation of the comforts, conveniences, and privacy for which one contracts in reserving a sleeping car space are not to be measured by the amount paid therefor. The court allowed compensatory damages for the physical inconvenience, discomfort and mental anguish resulting from the breach of contract, and upheld a jury award of $125. The court went on to state as follows:

"It is further contended that the damages awarded were excessive. We think not. The peculiar circumstances of this case were properly [a] matter for the consideration of the jury. The damages for deprivation of the comforts, conveniences and privacy for which he had contracted and agreed to pay *are not to be measured by the amount to be paid therefor.* He could have had cheaper accommodations had he so desired, but that he wanted these accommodations under the circumstances of this case was but natural and commendable, and we do not think that the record fails to show any damages, but, on the contrary it fully sustains the verdict and would, in our opinion, sustain even a larger verdict had the jury thought proper to fix a larger amount." (Emphasis added.) *Pullman Company* v. *Willett, supra,* at 177-78; see, also, 49 Ohio Jurisprudence 2d 191, Sleeping Car Companies, Section 6.

Another similar situation would be the reservation of a room in a hotel or motel. Surely, the damages for the breach of that contract could exceed the mere value of the room. In such a case, the Hawaii Supreme Court has held the plaintiff was "not limited to the narrow traditional contractual remedy of out-of-pocket losses alone." *Dold* v. *Outrigger Hotel* (1972), 54 Haw. 18, 22, 501 P. 2d 368, at 371-372.

The court holds that in a case of this type, the out-of-pocket loss, which would be the security deposit, or even perhaps the value of the band's services, where another band could not readily be obtained at the last minute, would not be sufficient to compensate plaintiffs. Plaintiffs are entitled to compensation for their distress, inconvenience, and the diminution in value of their reception. For said damages, the court finds that the compensation should be $750. Since plaintiffs are clearly entitled to the refund of their security deposit, judgment will be rendered for plaintiffs in the amount of $815 and the costs of this action.

*Judgment accordingly.*