Donald L. BLACK, Plaintiff,

v.

RYDER/PIE NATIONWIDE, INC., et al., Defendants.

Civ. No. 3-85-537.

United States District Court, E.D. Tennessee, N.D.

May 9, 1989.

Peter Alliman, Madisonville, Tenn., for plaintiff.

Cecil D. Branstetter and Jane Stranch of Branstetter, Kilgore, Stranch & Jennings, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION

JARVIS, District Judge.

This is an action brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that plaintiff was terminated by his employer Ryder/PIE. Nationwide, Inc. ("Ryder") wrongfully for allegedly failing to report an accident. He also claims that his union, Teamsters Local 519 ("union"), breached its duty to fairly represent him in pursuit of his grievance.[1]

The following motions are currently pending in this action:

(1) Ryder's motion to strike plaintiff's demand for punitive damages and for a jury trial [Court File # 102];

(2) Ryder's alternative motion for a bifurcated trial separating the issue of whether the union fairly represented plaintiff from the issue of whether there has been a breach of the the collective bargaining agreement [Court File # 103];

(3) Ryder's motion for summary judgment based on the applicable statute of limitations [Court File # 104]; and

(4) The union's motion to join in Ryder's motion to strike the jury demand and the union's motion for dismissal in the event that Ryder is successful in its motion for summary judgment [Court File # 105].

## I.

### The Statute of Limitations Issue

■ The appropriate statute of limitations for "hybrid" § 301 claims is the six-month limitations period borrowed from § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Ryder contends that plaintiff failed to timely file his § 301 claim.

The facts material to the statute of limitations issue are not in dispute. Plaintiff was discharged on November 29, 1984 for allegedly failing to report an accident. On November 26, 1984, Ryder advised plaintiff by letter that he was being held off the dispatch board pending investigation of the accident. On November 29, 1984, Ryder sent plaintiff a certified letter advising him of his discharge effective immediately. On December 3, 1984, plaintiff filed a grievance with the union contesting his discharge. The discharge case was heard by a grievance committee on December 17, 1984 and the grievance committee upheld plaintiff's discharge on the same day. Plaintiff's complaint in the instant case was filed on June 14, 1985, approximately six months and 16 days after his discharge. The issue presented is the date of accrual of plaintiff's cause of action. If the cause

---

**1.** This Memorandum addresses only the plaintiff's hybrid § 301/fair representation claim. The plaintiff's other claim, which alleges violations of the freedom of speech and assembly provisions of the Bill of Rights under the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2), has been bifurcated from the § 301 claim and is not considered herein.

of action accrued on the date of plaintiff's discharge, then plaintiff's § 301 claim is barred by the statute of limitations. However, if the claim did not accrue until the arbitrator's decision was rendered, then it is not barred by the statute of limitations.

■ I am of the opinion that plaintiff's § 301 claim in this action did not accrue until the date on which the arbitrator's final decision was rendered, December 17, 1984. Several district courts have found that a fair representation claim is timely if it is brought within six months of exhaustion of plaintiff's available union procedures. *See, e.g., Frandsen v. Broth. of Ry., Airline & S.S. Clerks*, 782 F.2d 674 (7th Cir.1986) (six-month statute of limitations tolled during pendency of union procedures to commence running only when union procedures are exhausted); *ACRI v. Intern. Ass'n of Mach. & Aerospace Wkrs*, 595 F.Supp. 326 (N.D.Ca.1983) (unfair representation claim timely when brought within six months of arbitrator's decision). A hybrid § 301 claim does not ripen until two things have occurred: (1) the employer has breached the collective bargaining agreement; and (2) the union has failed in its duty to fairly represent the worker. In the instant case, plaintiff's § 301 claim could not have accrued on the date that plaintiff was terminated since, as of that time, the union had not failed to fairly represent his interests and that is a necessary predicate to a § 301 claim. The statute of limitations should not accrue until plaintiff knows or reasonably should know of both a breach of the collective bargaining agreement and his union's failure to meet its duty to fairly represent him. In the instant case, this latter event would not have occurred until the arbitrator rendered his final decision. Moreover, I am of the opinion that if the date of termination was the date upon which the cause of action accrued it would interfere with the national policy of encouraging resolution of labor disputes through internal grievance procedures.

Accordingly, defendant Ryder's motion for summary judgment will be denied. In addition, since the union's motion to dismiss is dependent upon the success of Ryder's motion for summary judgment, the motion to dismiss of the union will also be denied.

## II.

### *Ryder's Motion to Strike Plaintiff's Demand for Jury Trial*

This court has twice before denied defendants' motions to strike plaintiff's jury demand. However, defendant's most recent motion to strike the jury demand points out a case recently decided by the United States Court of Appeals for the Sixth Circuit, *Deringer v. Columbia Transportation*, 866 F.2d 859 (6th Cir.1989). I am of the opinion that *Deringer* controls the result in this case.

■ Whether a jury trial is available under the Seventh Amendment depends upon the historical nature of the claim; a claim "legal" in nature is generally triable to a jury where an "equitable" claim is not. *Wood v. International Brotherhood of Teamsters*, 807 F.2d 493, 504–05 (6th Cir. 1986) (J. Contie, concurring). In determining whether the right to a jury trial exists for a newly-created action, the focus is "on the nature of the *issue* to be tried rather than the character of the overall action." *Id.*, quoting *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). The legal nature of an issue is determined by considering: (1) the premerger custom with reference to such questions; (2) the remedy sought; and (3) the practical abilities and limitations of juries. *Id.* The second of these elements is the most significant. *Hildebrand v. Board of Trustees*, 607 F.2d 705, 708 (6th Cir.1979), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982).

In considering the right to a jury trial in a hybrid § 301 claim, the Sixth Circuit in *Deringer* cited favorably Judge Contie's concurrence in *Wood*. The court noted the following:

. . . . .

Judge Contie considered the individual issues in a hybrid § 301 action—whether the union breached its duty of fair repre-

sentation and whether the employer breached the collective bargaining agreement—to determine whether the issues were legal or equitable in nature. He concluded that the fair representation issue was equitable in nature because the plaintiffs primarily sought a clearly equitable remedy: the setting aside of an arbitration award. 807 F.2d at 504. Judge Contie found that the breach of contract issue, however, was legal in nature and triable to a jury. *Id.* Based on the hybrid character of § 301 action, he concluded that only if the court, as trier of fact, concluded that the arbitration award had to be set aside because the union breached its duty of fair representation, should the breach of contract claim subsequently have been tried to a jury. *Id.* at 505.

*Deringer*, 866 F.2d at 862–63. The court went on to note that plaintiff sought only equitable relief and did not expressly seek money damages with respect to the fair representation issue and concluded that plaintiff was not entitled to a jury trial with respect to that issue.

■ In the instant case, the remedies sought by plaintiff are set out in his complaint as follows:

PRAYER FOR RELIEF

Plaintiff respectfully urges the Court to award him judgment:

(a) declaring that he was discharged on November 26, 1984 in violation of the collective bargaining contract and in violation of public policy;

(b) declaring that the Local and Southern Multi–State Grievance Committee breached the duty of fair representation in processing his grievance;

(c) declaring that plaintiff was denied elementary due process by virtue of the bias of the committee members;

(d) vacating the Southern Multi–State Grievance Committee award denying plaintiff's grievance;

(e) ordering the Company to offer plaintiff reinstatement to his former position, together with all rights, benefits and privileges which will restore him to the *status quo ante;*

(f) declaring that Local 519 and Joint Council 87, jointly and severally violated Plaintiff's free speech and assembly rights under 29 U.S.C. § 411(a)(2);

(g) awarding plaintiff One Hundred Fifty Thousand ($150,000.00) Dollars in damages and Five Hundred Thousand ($500,000.00) Dollars in punitive damages against the Company;

(h) awarding plaintiff One Hundred Thousand ($100,000.00) Dollars in damages for violation of his right to speak and assemble, jointly and individually against Local 519 and Joint Council 87;

(i) issue an order vacating the fine and suspension of plaintiff from Local 519 and reinstating him with full rights in the local;

(j) issue an injunction prohibiting Local 519 and Joint Council 87 from interfering with Plaintiff's rights of speech and assembly under 29 U.S.C. § 411, *et seq.;*

(k) awarding plaintiff his reasonable attorneys fees and all costs against the defendants, jointly and severally.

After reviewing plaintiff's complaint, it is clear that although plaintiff seeks $100,-000.00 in damages with regard to his claim under the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2), with regard to his freedom of speech and assembly, his complaint with respect to the § 301 claim seeks only equitable relief. In essence, in the § 301 claim against the union plaintiff seeks an order of this court vacating the award of the Southern Multi–State Grievance Committee denying his grievance. Accordingly, it is clear that plaintiff seeks only equitable relief against the union with respect to the § 301 claim.

Therefore, plaintiff is not entitled to a jury trial with respect to the fair representation portion of the § 301 claim. That issue will be tried to the court. However, as Judge Contie made clear in his concurrence in *Wood*, should the court find that plaintiff was denied fair representation by his union, then the issue of whether the employer breached the collective bargaining agreement may then be decided by a jury.

Accordingly, defendant's motion to strike the jury demand will be granted in part and denied in part. Defendant Ryder's motion for a bifurcated trial [Court File # 103] will be granted. Proof will first be presented to this court regarding the issue of fair representation of the plaintiff by the defendant union. If necessary, the case will then be tried to a jury with regard to the question of whether Ryder breached the collective bargaining agreement.

### III.

#### *Plaintiff's Demand for Punitive Damages*

█ Plaintiff's complaint does not specifically request any punitive damages from the union. It does seek $500,000.00 in punitive damages against Ryder.

The United States Supreme Court has made it clear that punitive damages may not be awarded against a union for breaches of its duty of fair representation. *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). However, with respect to whether punitive damages may be recovered against the employer in a § 301 claim, the law is not so clear. The Sixth Circuit has not addressed the question. District courts are in disagreement. *Compare Brotherhood of Railway Carmen of United States v. Delpro Company*, 579 F.Supp. 1332 (D.C.Dela.1984) (no punitive damages recoverable against employer under the Railway Labor Act) *with Brown v. World Airways, Inc.*, 539 F.Supp. 179 (S.D.N.Y. 1982) (allowing punitive damages under the Railway Labor Act against an employer).

As the Supreme Court has noted, "[t]he fundamental purpose of unfair representation suits is to compensate for injuries caused by violations of employees' rights" and "relief in each case should be fashioned to make the injured employee whole". The relief fashioned by Congress under § 301 is similarly compensatory. Plaintiff has not pointed out nor is the court aware of any evidence that Congress intended punitive damages to be recoverable against either a union or an employer under § 301. Under the circumstances, this court is in agreement with those courts which have held that punitive damages are not recoverable against an employer in an action brought under § 301. Accordingly, defendant's motion to strike the punitive damages demand will be granted.

### IV.

#### *Conclusion*

In light of the foregoing, Ryder's motion to strike plaintiff's demand for punitive damages [Court File # 102] is GRANTED; Ryder's motion to strike plaintiff's jury demand [Court File # 102] is GRANTED IN PART and DENIED IN PART consistent with this opinion; Ryder's motion for a bifurcated trial [Court File # 103] is GRANTED; Ryder's motion for summary judgment [Court File # 104] is DENIED; and the union's motion to join in Ryder's motion to strike and for other relief [Court File # 105] is GRANTED IN PART and DENIED IN PART consistent with this opinion.

Order accordingly.